**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GIOVANNI MORALES, | : | Civil No. 1:24-CV-01081 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BIERLY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court are multiple motions filed by both Plaintiff and Defendants in this action including a motion to dismiss for failure to follow court orders filed by Defendants, a motion to compel filed by Plaintiff, and a motion for an order directing the Department of Corrections ("DOC") to release GTL messages filed by Defendants. (Docs. 108, 110, 113.) For the reasons explained in this Memorandum, the court will deny Defendants' motion to dismiss the case, deny Plaintiff's motion to compel, and grant Defendants' motion for the release to the GTL messages. The court will schedule an additional status conference to address pending discovery issues and reset the deadline for dispositive orders.

## BACKGROUND AND PROCEDURAL HISTORY

Giovanni Morales ("Plaintiff") initiated this action by filing a complaint dated June 24, 2024, and received by the court on July 1, 2024. (Doc. 1.) This

complaint named twenty-five defendants. (Doc. 1, pp. 1–4.)[1] However, it only addressed the alleged actions of twenty individuals. (*Id.*, pp. 5–11.)

That same day, the court entered an administrative order directing Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis*. (Doc. 5.) On July 12, 2024, August 5, 2024, and September 27, 2024, Plaintiff filed a certified motion to proceed *in forma pauperis*. (Docs. 6, 9, 12.) Plaintiff also filed uncertified prison trust account statements on August 5, 2024 and September 27, 2024. (Docs. 10, 13.)

On October 25, 2024, the court entered an order granting Plaintiff *in forma pauperis* status and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 16). The court dismissed claims against five of the twenty-five defendants who were not alleged to have taken any relevant action. (*Id.*) The remaining twenty Defendants were served. (Docs. 17, 21.) These twenty defendants filed an answer on December 23, 2024. (Doc. 25.) The court then entered a case management order setting forth a discovery and briefing schedule with dispositive motions due by July 31, 2025. (Doc. 26.)

On May 20, 2025, the court received Plaintiff's motion for summary judgment, a brief in support, and a statement of facts. (Docs. 36, 37, 38.) On May 27, 2025, the court entered an amended case management order extending the

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

deadline for dispositive motions and Defendants' deadline to respond to the pending motion for summary judgment to August 29, 2025. (Doc. 64.)

On May 30, 2025, Defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 71.)

The court received and docketed Plaintiff's motion for appointment of counsel on June 13, 2025. (Doc. 74.)

On July 24, 2025, Defendants filed a motion for an order to release prison GTL messages. (Doc. 84.) On August 4, 2025, the court received and docketed Plaintiff's motion to compel, seeking video evidence and medical records. (Doc. 88.)

On August 15, 2025, Plaintiff filed another motion for appointment of counsel. (Doc. 94.) The same day, Plaintiff filed a motion for an extension of time to file a reply brief in support of his motion to compel. (Doc. 95.)

On September 23, 2025, Defendants filed a motion to compel discovery, alleging that Plaintiff had failed to provide any responses during the discovery period. (Doc. 97.)

On November 17, 2025, the court entered an order that denied Plaintiff's motion for summary judgment, granted Defendants' motion for judgment on the

pleadings[2], granted Plaintiff leave to file an amended complaint, denied Defendants' motion for an order to release prison GTL messages, deemed Plaintiff's motion to compel and brief as unsigned, granted Plaintiff until December 17, 225 to resubmit his motion, granted Plaintiff's motion for an extension of time to file a reply brief to the motion to compel, denied Plaintiff's motions for appointment of counsel, granted Defendants' motion to compel, and extended the fact discovery deadline. (Doc. 101.) The claims that survived Defendants' motion for judgment on the pleadings include all claims of negligence, Eighth Amendment claims associated with the March 2, 2024 use of force and the June 10, 2024 use of force, the Eighth Amendment claims associated with the conditions of confinement from February 14, 2024, and the RLUIPA claim. (*Id.*)

On January 23, 2026, Defendants filed a motion to dismiss for failure to follow the court's November order directing Plaintiff to produce the outstanding discovery. (Doc. 108.) Plaintiff responded by filing a declaration contesting Defendants' motion to dismiss. (Doc. 117.)

[2] The court's order cited the motion for judgment on the pleadings as Doc. 74. (Doc. 101.) However, the correct citation is to Doc. 71.

Also on January 23, 2026, the court received and docketed Plaintiff's motion to compel. (Doc. 110.) Defendants filed a brief in opposition the very same day. (Doc. 112.)

On January 26, 2026, the Defendants filed a new motion for an order directing the DOC to release GTL messages. (Doc. 113.) Plaintiff responded with an affidavit contesting the motion. (Doc. 118.) Defendants then responded to Plaintiff's objections through a letter. (Doc. 119.)

The court will now address the pending motions to dismiss for failure to follow court orders, motion to compel, and motion for the release of GTL messages.

## DISCUSSION

### A. Defendants' Motion to Dismiss Will Be Denied Without Prejudice.

Defendants assert that Plaintiff has yet to produce the discovery the court compelled in its November of 2025 order. (Doc. 109.) Based on the refusal of Plaintiff to participate in discovery, Defendants request sanctions in the form of dismissal of the action. (*Id.*) The court notes that in their February 17, 2026 motion for an extension of time, Defendants continued to allege that Plaintiff had still not produced the evidence. (Doc. 115.)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

On February 18, 2026, the court received and docketed Plaintiff's response to Defendants' motion asserting that he had produced the discovery Defendants allege is outstanding and stating that he had mailed a copy of the production to the court, but the document was returned to him. (Doc. 117.) Plaintiff also requested a conference on the matter of discovery. (*Id.*) Defendants did not respond to Plaintiff's assertion that he produced the outstanding discovery. As such, it is currently unclear if Plaintiff's discovery responses are still outstanding. Based on this lack of clarity, the court will deny Defendants' motion without prejudice. If the responses remain outstanding and Defendants conclude that they have a good faith basis to bring another motion to dismiss, Defendants may renew their motion.

**B. Plaintiff's Motion to Compel Will Be Denied as Untimely.**

On November 17, 2025, the court found that Plaintiff's pending motion to compel and the brief in support of the motion were unsigned in violation of Fed. R. Civ. P. 11. (Docs. 100, 101.) The court gave Plaintiff until December 17, 2025, to file a properly signed motion and brief in support or the documents would be stricken from the record. (Doc. 101.) The court then received signed versions of these documents on January 23, 2026. (Docs. 110, 111.) These signed versions are dated January 14, 2026. (*Id.*) These were filed nearly a month after the court's

deadline. Furthermore, Defendants have provided the evidence requested to the extent that the requested evidence exists as set forth in their response to Plaintiff's pending motion. (Doc. 112.) Therefore, the court will deny Plaintiff's motion to compel as untimely and moot.

**C. Defendants' Motion to Release Prison GTL Messages Will Granted.**

Defendants are seeking the release of messages with Clarissa Garcia, Lilvet Leandry-Morales, and Roxanne Leandry-Morales through the GTL message system. (Doc. 113.) They allege that these messages are protected by the Wiretap Act, and a court order is necessary for their production. (*Id.*)

Pennsylvania's Wiretap Act provides that in general, it is illegal for a party to intentionally intercept any wire, electronic or oral communication. 18 Pa.C.S.A. § 5703(1). There are, however, exceptions to this rule under the Wiretap Act. 18 Pa.C.S.A. § 5704. One of these exceptions, Section 5704(13), allows "[a]n investigative officer, a law enforcement officer or employees of the Department of Corrections for State correctional facilities to intercept, record, monitor or divulge any oral communication, electronic communication or wire communication from or to an inmate in a facility under specific conditions. 18 Pa.C.S.A. § 5704(13). These specific conditions include the following: "[t]he contents of an intercepted and recorded oral communication, electronic communication or wire communication shall be divulged only as is necessary to safeguard the orderly

operation of the facility, in response to a court order or in the prosecution or investigation of any crime." 18 Pa.C.S.A. § 5704(13)(i)(C).

In his affidavit contesting Defendants' motion, Plaintiff objects to the production of the messages asserting that he did not send messages while held in the Restricted Housing Unit and that any messages he sent were private. (Doc. 118.) Plaintiff then simultaneously requests a subpoena for the production of video and audio communications with this sister and girlfriend during the relevant period in which he reported to them the conduct of Defendants during visitations. (*Id.*) Defendants have clarified that they, like Plaintiff, are seeking the release of the messages to ascertain Plaintiff's statements regarding the case. Plaintiff's objections to one form of communication, GTL messages, while requesting a different form of communication, recordings of face-to-face interactions, all of which were subject to monitoring by the Department of Corrections, is inherently inconsistent. As such, the court will grant Defendants' motion and enter an order requiring the production of the GTL messages.

Plaintiff's request for the subpoena for the video and audio recordings made during his visitations are made outside the discovery period. (Doc. 118.) The court is aware that Plaintiff's response to Defendants' January 23, 2026 motion is dated August 4, 2025, but was not postmarked until February 18, 2026. (*Id.*) Plaintiff could not respond in August of 2025 to a motion filed in February of

2026. Therefore, Plaintiff's request was actually made in February 2026, which is outside the close of discovery on January 30, 2026. (Doc. 101.) Absent a motion to reopen discovery, the court will deny Plaintiff's request for a subpoena without prejudice as untimely.

## CONCLUSION

For the reasons set forth above, the court will deny Defendants' motion to dismiss for failure to follow court orders, deny Plaintiff's motion to compel, and grant Defendants' motion for an order to produce Plaintiff's GTL messages. Because it is unclear if fact discovery has been completed, the court will schedule a status conference and extend the deadline for dispositive motions.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 17, 2026